## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAFFER INSURANCE COMPANY, LTD., et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>DISCOVER REINSURANCE COMPANY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:05-CV-1060<br><br>(JUDGE CAPUTO) |

### **MEMORANDUM**

Presently before the Court is Plaintiffs' Motion To Remand. (Doc. 10.) Plaintiffs argue that Defendants' Notice of Removal (Doc. 1) fails to contain allegations which establish complete diversity of citizenship. Specifically, Plaintiffs identify Plaintiff Kelly-Murray and Defendant United States Fidelity & Guaranty Company ("USFG") as both being citizens of the State of Maryland. Defendants argue that the Court has subject jurisdiction over this matter despite the respective citizenships of Plaintiff Kelly-Murray and Defendant USFG because each are nominal parties and were fraudulently joined. The Court disagrees.

As a preliminary matter, the Court must address Defendants' argument in their Brief in Opposition regarding Defendant USFG. Pursuant to 28 U.S.C. § 1446(a), the notice of removal must "contain[] a short and plain statement of the grounds for removal . . . ." Here, Defendants' Notice of Removal alleges that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (Doc. 1 at 1.) Defendants further allege that Plaintiff Kelly-Murphy "is a nominal plaintiff and not a real party in interest whose

citizenship is not to be considered for purposes of determining diversity of citizenship." (Doc. 1 ¶ 4(c).)  The Notice of Removal continues, "Kelly-Murray was named solely in an attempt to defeat removal of this action."  (*Id.*)  The Notice of Removal, however, does not identify Defendant USFG as a nominal party or as having been fraudulently joined. Nonetheless, in their Brief in Opposition to Plaintiffs' Motion To Remand, Defendants argue that the Court has subject matter jurisdiction over the instant matter because USFG is a nominal party and has been fraudulently joined.  Defendants may not attempt to amend their petition for removal by asserting arguments in a brief in opposition.  *See Pennsylvania ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Therefore, the Court will only address whether Plaintiff Kelly-Murray is a nominal party or was fraudulently joined.

Defendants bear the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1991).  Removal statutes are to be strictly construed and all doubts resolved in favor of remand.  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (1992).

"Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity jurisdiction has a heavy burden of persuasion" *Boyer*, 913 F.2d at 111 (internal quotations omitted).  The Court is compelled to "resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in

2

favor of the plaintiff." *Boyer*, 913 F.2d at 111.

It is important to note, however, that the Third Circuit Court of Appeals has cautioned that when adjudicating a claim of fraudulent joinder, courts must not convert their jurisdictional inquiry into a determination of the underlying merits of the claim. *Batoff,* 977 F.2d at 852. That is to say, the Court's inquiry as to whether a party has been fraudulently joined is less searching than that required when resolving a motion to dismiss. *Id.* "[T]he court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses . . . . [T]hat is a merits determination which must be made by the state court." *Boyer*, 913 F.2d at 113.

Joinder is only fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Boyer*, 913 F.2d at 111. However, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Boyer*, 913 F.2d at 111 (quoting *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983)). Fraudulent joinder exists only if the claims against the non-diverse defendant are so devoid of merit as to be "wholly insubstantial and frivolous." *Id.* at 852.

In the instant matter, the only claim brought by Plaintiff Kelly-Murray is a claim against Defendants for unjust enrichment. (Doc. 1, Ex. A at 10.) To establish a cause of action for unjust enrichment under the laws of the Commonwealth of Pennsylvania, Plaintiff Kelly-Murray would have to prove: (1) it conferred a benefit upon Defendants; (2)

3

Defendants appreciated said benefit; and (3) acceptance and retention of said benefit occurred under circumstances that would create an inequity if defendant retained the benefit. *J.F. Walker Co., Inc. v. Excalibur Oil Group*, 792 A.2d 1269, 1273 (Pa. Super. Ct. 2002).

The Complaint alleges all of these elements. Moreover, although Defendants assert that a claim of unjust enrichment cannot be sustained where there is an express agreement, as noted by Plaintiffs, there is no express agreement between Plaintiff Kelly-Murphy and Defendants. Therefore, there is at least a colorable claim by Plaintiff Kelly-Murphy against Defendants for unjust enrichment. Accordingly, the Court finds that Plaintiff Kelly-Murphy was not fraudulently joined

The Court also finds that Plaintiff Kelly-Murray is not a nominal party. It is well understood that the Court should disregard the citizenship of nominal parties when determining the propriety of removal. *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991). Nominal parties are those parties who do not have a real interest in the case or controversy before the Court. *Id.* As noted above, the Complaint sufficiently avers a claim for unjust enrichment by Plaintiff Kelly-Murphy. Therefore, any argument that this entity is a nominal party is unavailing.

As the Court has found that Plaintiff Kelly-Murphy was not fraudulently joinder and is not a nominal party, the Court will grant Plaintiffs' motion.

An appropriate Order follows.

August 18, 2005   /s/ A. Richard Caputo
Date              A. Richard Caputo
                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GAFFER INSURANCE COMPANY, LTD., et al., | |
| Plaintiffs, | NO. 3:05-CV-1060 |
| v. | (JUDGE CAPUTO) |
| DISCOVER REINSURANCE COMPANY, et al., | |
| Defendants. | |

## ORDER

**NOW**, this __18th__ day of August, 2005, **IT IS HEREBY ORDERED** that:

(1)  Plaintiffs' Motion To Remand (Doc. 10) is **GRANTED**.

(2)  This matter is **REMANDED** to the Lackawanna County Court of Common Pleas.

(3)  The Clerk of the Court shall mark this case **CLOSED**.


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge